<pre>
 1                  UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2                       SAN JOSE DIVISION

 3       PATRICK CALHOUN, ELAINE
         CRESPO, HADIYAH JACKSON AND      CASE NO.
 4       CLAUDIA KINDLER, ON BEHALF OF    CV-20-5146-LHK/SVK
         THEMSELVES AND ALL OTHERS
 5       SIMILARLY SITUATED,             SAN JOSE, CALIFORNIA

 6             PLAINTIFFS,               JANUARY 5, 2021

 7         VS.                           PAGES 1 - 23

 8       GOOGLE LLC,

 9             DEFENDANT.

10

11                  TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE SUSAN VAN KEULEN
12                  UNITED STATES DISTRICT JUDGE

13
         A-P-P-E-A-R-A-N-C-E-S
14
         FOR THE PLAINTIFFS:    KAPLAN FOX & KILSHEIMER LLP
15                              BY:  DAVID A. STRAITE
                                850 THIRD AVENUE
16                              14TH FLOOR
                                NEW YORK, NEW YORK 10022
17
                                SIMMONS HANLY CONROY
18                              BY:  AN V. TRUONG
                                112 MADISON AVENUE
19                              7TH FLOOR
                                NEW YORK, NEW YORK 10016
20

21           (APPEARANCES CONTINUED ON THE NEXT PAGE.)

22
         OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, RMR, CRR
23                                  CERTIFICATE NUMBER 8074

24
             PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
25       TRANSCRIPT PRODUCED WITH COMPUTER.
</pre>

```
 1        A P P E A R A N C E S: (CONT'D)

 2        FOR THE PLAINTIFFS:        BLEICHMAR FONTI & AULD LLP
                                     BY:  ANGELICA M. ORNELAS
 3                                   555 12TH STREET, SUITE 1600
                                     OAKLAND, CALIFORNIA 94607
 4

 5        FOR THE DEFENDANT:         QUINN EMANUEL URQUHART AND
                                     SULLIVAN, LLP
 6                                   BY:  ANDREW H. SCHAPIRO
                                     191 N. UPPER WACKER DRIVE
 7                                   SUITE 2700
                                     CHICAGO, ILLINOIS 60606
 8
                                     BY:  JOMAIRE A. CRAWFORD
 9                                   51 MADISON AVENUE
                                     NEW YORK, NEW YORK 10010
10
                                     BY:  STEPHEN A. BROOME
11                                        VIOLA TREBICKA
                                     865 S. FIGUEROA STREET
12                                   10TH FLOOR
                                     LOS ANGELES, CALIFORNIA 90017
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1     SAN JOSE, CALIFORNIA                    JANUARY 5, 2021

2                      P R O C E E D I N G S

3        (COURT CONVENED AT 10:56 A.M.)

4            THE CLERK:  CALLING CASE 20-CV-5146, CALHOUN, ET

5     AL., VERSUS GOOGLE, LLC.

6        COUNSEL, PLEASE IDENTIFY YOURSELVES FOR THE RECORD

7     BEGINNING WITH THE PLAINTIFF.

8            MR. STRAITE:  GOOD MORNING, YOUR HONOR.

9        DAVID STRAITE FOR PLAINTIFFS.

10           THE COURT:  MR. STRAITE, GOOD MORNING.

11           MS. ORNELAS:  GOOD MORNING, YOUR HONOR.

12       ANGELICA ORNELAS ALSO FOR THE PLAINTIFFS.

13           THE COURT:  MS. ORNELAS, GOOD MORNING.

14           MS. TRUONG:  GOOD MORNING, YOUR HONOR.

15       AN TRUONG FOR PLAINTIFF.

16           THE COURT:  MS. TRUONG, WE'RE NOT GETTING YOU ON

17    AUDIO.  TRY AGAIN.

18           MS. TRUONG:  GOOD MORNING.  CAN YOU HEAR ME NOW?

19           THE COURT:  I CAN.

20           MS. TRUONG:  GOOD MORNING, YOUR HONOR.

21       AN TRUONG FOR PLAINTIFF.

22           MR. STRAITE:  YOUR HONOR, THIS IS DAVID STRAITE

23    AGAIN.  GOOD MORNING.

24       TWO QUICK THINGS AS WE ENTER OUR APPEARANCES BEFORE YOU.

25    LESLEY WEAVER WAS INCLUDED IN OUR EMAIL LIST OF COUNSEL FOR
```

1    PLAINTIFFS.  UNFORTUNATELY, SHE WAS JUST SELECTED FOR IN-PERSON

2    JURY DUTY IN ALAMEDA COUNTY, SO HER SERVICE TO THE GREAT STATE

3    OF CALIFORNIA PRECLUDES HER PARTICIPATION AT TODAY'S HEARING.

4    SHE DOES SEND HER APOLOGIES.

5         SECOND, WE KNOW THE COURTS ENCOURAGE US TO GIVE

6    OPPORTUNITIES TO YOUNGER ATTORNEYS TO SPEAK AT COURT HEARINGS.

7         ANGELICA ORNELAS, AN ASSOCIATE AT BLEICHMAR, FONTI HAS

8    HELPED DRAFT THE ESI PROTOCOLS IN SEVERAL CASES IN THIS

9    DISTRICT, INCLUDING IN THIS CASE.  SO IF THERE'S NO OBJECTION

10   FROM YOUR HONOR OR FROM GOOGLE COUNSEL, MS. ORNELAS WILL

11   PRIMARILY SPEAK FOR PLAINTIFFS TODAY.

12         THE COURT:  EXCELLENT.  THANK YOU.

13     ALL RIGHT.  THEN LET'S TURN TO THE DEFENDANTS PLEASE.

14   APPEARANCES.

15         MR. SCHAPIRO:  GOOD MORNING, YOUR HONOR.

16   ANDREW SCHAPIRO FOR GOOGLE.

17         THE COURT:  MR. SCHAPIRO, GOOD MORNING.

18         MR. BROOME:  GOOD MORNING, YOUR HONOR.

19   STEPHEN BROOME FOR GOOGLE.

20         THE COURT:  MR. BROOME, GOOD MORNING.

21         MS. TREBICKA:  GOOD MORNING, YOUR HONOR.

22   VIOLA TREBICKA, QUINN EMANUEL, FOR GOOGLE.

23         THE COURT:  MS. TREBICKA, GOOD MORNING.

24         MS. CRAWFORD:  GOOD MORNING, YOUR HONOR.

25   JOMAIRE CRAWFORD, QUINN EMANUEL, ALSO FOR GOOGLE.

1          THE COURT:  MS. CRAWFORD, GOOD MORNING.

2       WHO HAS THE MIKE TODAY FOR DEFENDANTS?

3          MS. TREBICKA:  I WILL BE THE ONE PRIMARILY SPEAKING,

4    YOUR HONOR, WITH MY PARTNERS CHIMING IN IF NECESSARY.

5          THE COURT:  AS THEY HAVE A WAY OF DOING.  YES.  NO

6    PROBLEM.  THAT'S NOT PARTICULAR TO THIS TEAM.  THAT'S ALL

7    TEAMS.

8          AND IS IT MS. TREBICKA?

9          MS. TREBICKA:  IT'S TREBICKA, BUT I WILL ANSWER TO

10   ANYTHING.  IT'S A HARD NAME.  IT'S ALBANIAN.

11         THE COURT:  TREBICKA.  GOT IT.  OKAY.  THANK YOU.

12   I TRY TO PRONOUNCE IT CORRECTLY.  TRY TO DO IT THE SAME

13   FOR ME, BUT I NEVER HOLD IT AGAINST ANYONE IF THAT DOESN'T

14   HAPPEN.

15      ALL RIGHT.  I HAVE THE PARTIES -- I UNDERSTAND THAT THIS

16   ISSUE ARISES OUT OF THE ESI PROTOCOL, AND IT LOOKS LIKE THE

17   PARTIES HAD A LOT OF MEET AND CONFER EFFORTS OVER A VARIETY OF

18   PROVISIONS, AND I WANT TO COMMEND BOTH SIDES FOR YOUR WORK IN

19   THAT REGARD.

20      AS I UNDERSTAND IT, THERE'S JUST ONE ISSUE LEFT AS

21   UNRESOLVED BEFORE ME, AND THAT RELATES TO SPECIFICALLY

22   PROVISION 6(B)(I), WHICH IS WHETHER DEFENDANT GOOGLE SHOULD

23   PROVIDE A LIST OF CUSTODIANS FIRST, THAT IS, THE PARTIES AGREE

24   ON A LIST OF CUSTODIANS, AND THEN TURN TO SEARCH TERMS, OR

25   WHETHER THE SEARCH TERMS AND CUSTODIANS SHOULD BE ADDRESSED OR

1    NEGOTIATED SOMEWHAT IN TANDEM WITH SOME ROOM FOR ADJUSTMENT IN

2    PROBABLY TOO VAGUE TERMS IS HOW THE UNDERSTAND THE PLAINTIFFS'

3    POSITION.

4        SO MY FIRST QUESTION IS THAT I WANT TO BE SURE THAT I

5    UNDERSTAND THE LANDSCAPE OF THE DISPUTE CORRECTLY, AND THEN

6    I'VE GOT -- SINCE THIS IS A DISCOVERY DISPUTE, WHERE I'VE SPENT

7    A LOT OF TIME OVER THE LAST 30 YEARS, I'VE GOT SOME VERY

8    SPECIFIC QUESTIONS JUST TO FOLLOW UP.

9        SO, MS. ORNELAS, IF YOU'VE GOT THE MIKE FOR PLAINTIFFS, DO

10   I UNDERSTAND THE ISSUE CORRECTLY?  AND IF NOT, PLEASE CLARIFY

11   FOR ME.

12           MS. ORNELAS:  THANK YOU, YOUR HONOR.

13       ANGELICA ORNELAS FOR PLAINTIFFS.

14       YOUR HONOR HIT IT ON THE HEAD.  WHERE WE ARE IS WE'RE IN

15   DISAGREEMENT ABOUT WHEN WE GET STARTED.  GOOGLE'S PROPOSAL IS

16   THAT SEARCH TERM NEGOTIATIONS COMMENCE AFTER WE'VE REACHED

17   COMPLETE AGREEMENT ON CUSTODIANS.  PLAINTIFFS' VIEW IS THAT

18   THOSE DISCUSSIONS NEED TO GET STARTED NOW GIVEN WHERE WE ARE IN

19   THE CASE, AND WE'RE 11 MONTHS AWAY FROM A FACT DISCOVERY CUTOFF

20   THAT JUDGE KOH APPROVED AND AFTER IT WAS JOINTLY PROPOSED BY

21   THE PARTIES.

22       AND, MS. TREBICKA, DO I UNDERSTAND THE DISPUTE CORRECTLY

23   AND IN PARTICULAR GOOGLE'S POSITION?

24           MS. TREBICKA:  YOUR HONOR, IT APPEARS THAT WE MAY BE

25   CLOSER TO AN AGREEMENT THAN WE HAD INITIALLY THOUGHT.

1          SO OUR POSITION IS NOT THAT THE PARTIES NEED TO REACH

2     COMPLETE FINAL AGREEMENT ON ALL CUSTODIANS BEFORE STARTING TO

3     NEGOTIATE THE FIRST SEARCH TERMS.

4          WHAT WE'D LIKE TO DO IS GET A CORE SET OF CUSTODIANS

5     AGREED UPON WITH PLAINTIFFS WITH THE UNDERSTANDING THAT FOR

6     GOOD CAUSE IF A PLAINTIFF -- IF A CUSTODIAN'S NAME APPEARS

7     SHOULD BE ADDED LATER ON, FOR GOOD CAUSE THE PLAINTIFFS MAY BE

8     ABLE TO GET THAT CUSTODIAN ADDED.  BUT INITIALLY WE WOULD LIKE

9     TO GET SOME BUY IN FROM PLAINTIFFS ON A COURSE OF CUSTODIANS SO

10    WE CAN THEN NEGOTIATE THE SEARCH TERMS, AND WE ENVISION THAT IF

11    THE NEGOTIATIONS CAN HAPPEN IN PARALLEL, THAT WILL PROBABLY BE

12    HELPFUL AS WELL.

13          THE COURT:  ALL RIGHT.  SO I UNDERSTOOD FROM THE

14    JOINT SUBMISSION THAT PLAINTIFFS HAD A PROPOSED COMPROMISE,

15    WHICH WOULD BE FOR GOOGLE TO IDENTIFY A LIST OF CUSTODIANS WITH

16    A GOOD FAITH BELIEF THAT THE LIST WAS COMPLETE, AND THEN IF

17    THERE NEEDED TO BE SOME ADJUSTMENTS, THERE COULD.

18          AND, MS. TREBICKA, YOU'VE JUST REFERRED TO A GOOD FAITH

19    REQUIREMENT.  WE'LL COME BACK TO THAT.

20          BUT IS THAT, IS THAT -- ARE YOU -- IS THAT WHAT YOU'RE

21    ENVISIONING SOMETHING ALONG THE LINES OF WHAT I SEE IN THE

22    JOINT PROPOSAL AS PLAINTIFFS' COMPROMISE?

23          MS. TREBICKA:  I THINK WHERE WE MAY DISAGREE IS TO

24    WHAT EXTENT PLAINTIFFS SHOULD ENGAGE WITH US RIGHT NOW ON THE

25    IDENTITY OF THE CUSTODIANS.

1          SO WHAT WE UNDERSTOOD THE PLAINTIFFS WANT IS FOR GOOGLE TO

2     COME UP WITH A SET OF CUSTODIANS AND THEN WE NEGOTIATE THE

3     SEARCH TERMS ON THAT SET OF CUSTODIANS THAT GOOGLE UNILATERALLY

4     PICKS.

5          OUR WORRY IS THAT WITHOUT SOME SORT OF NEGOTIATION OR BUY

6     IN FOR PLAINTIFFS, THE INITIAL SET OF CUSTODIANS IS NOT GOING

7     TO BE THE SET OF CUSTODIANS THAT WE FINALLY AGREE UPON.

8          AS HAS HAPPENED MANY TIMES IN THESE MEET AND CONFERS, WE

9     START OUT WITH A POSITION WHICH WE THINK IS VERY REASONABLE,

10    AND THEN IN MEETING AND CONFERRING WITH PLAINTIFFS, WE

11    COMPROMISE TO REACH SOMETHING THAT IS REASONABLE FOR BOTH

12    SIDES, AND THAT'S SOMETHING THAT BOTH SIDES CAN AGREE ON.

13         SO THIS IS WHERE WHAT WE SEE IS MISSING FROM THE

14    PLAINTIFFS' PROPOSAL, THIS NEGOTIATION, THIS ENGAGING WITH

15    GOOGLE AT THIS POINT TO BE ABLE TO ARRIVE AT THE CORE SET OF

16    CUSTODIANS THAT IS AGREED ON.

17             THE COURT:  SO LET ME INTERJECT THERE.  I

18    UNDERSTAND.  AND THIS IS FOR BOTH SIDES.

19         MY OBSERVATION WAS AFTER I WORKED THROUGH THE JOINT

20    STATEMENT AND WENT BACK AND LOOKED AT THE RED LINED ESI

21    AGREEMENT IS THAT THE PARTIES HAD REMOVED, AT LEAST IT APPEARS

22    TO BE STRICKEN, THE PROVISIONS WHICH ACTUALLY SHOW UP IN

23    SECTION 5 UNDER PRESERVATION, WHICH ADDRESS THE -- GETTING TO A

24    LIST OF CUSTODIANS.  AND THAT THAT -- TO IDENTIFY THE

25    CUSTODIANS.  AND THAT SECTION REALLY CONTEMPLATES, AGAIN, TERM

1    NAMES AND TERMS BEING NEGOTIATED IN TANDEM AS PLAINTIFFS

2    POINTED OUT.  BUT THE PARTIES TOOK THAT MECHANISM OUT AND THEN

3    THEY GET TO SECTION 6 AND ARE IN THIS LITTLE BIT OF TUG OF WAR,

4    ALTHOUGH PERHAPS IT'S NOT AS, AGAIN, AS THE PARTIES ARE NOT AS

5    OPPOSED AS PERHAPS THEY ORIGINALLY WERE.

6        WHAT I'D LIKE TO KNOW IS, FIRST, WHAT DISCUSSIONS, IF ANY,

7    HAVE ALREADY TAKEN PLACE BETWEEN THE PARTIES WITH REGARDS TO

8    CUSTODIANS?

9        HAVE THERE BEEN DISCUSSIONS ABOUT A RANGE?  YOU KNOW,

10   WE'RE GOING TO DO THIS.  LET'S START WITH 10 TO 15 OR 90 TO

11   100.  I DON'T KNOW WHAT THE APPROPRIATE RANGE WOULD BE IN THIS

12   CASE.  HAS THERE BEEN A DISCUSSION OF IDENTIFYING EITHER BY

13   CATEGORY, BY TITLE IF NOT BY NAME?

14       MS. ORNELAS, I'LL START WITH YOU.

15         MS. ORNELAS:  NOT YET, YOUR HONOR.  WE'RE EAGER TO

16   GET THERE.  THE WAY WE STRUCTURED THE ESI PROTOCOL IS THAT ONCE

17   IT'S ENTERED, WE ARE GOING TO IN SHORT ORDER HAVE THAT

18   CONVERSATION.

19       SO THE SPIRIT OF SECTION 5 HAS BEEN CAPTURED IN WHAT WE

20   HAVE PROPOSED, BUT WE FASHIONED IT AS ESI DISCLOSURES MORE

21   GENERALLY THAT WOULD TRACK THE N.D. CAL GUIDELINES AND

22   CHECKLIST, AND THE MODEL ORDER PROVIDES THAT THE PARTIES HAVE

23   EXCHANGED SUCH INFORMATION IN THIS INSTANCE BECAUSE WE

24   HAVEN'T -- WE DID MODIFY THAT TO TRACK WHERE THE PARTIES WERE

25   IN THEIR DISCUSSIONS.

1           THE COURT:  SO YOU HAVEN'T HAD ANY DISCUSSIONS WITH

2      THE OTHER SIDE AS TO EVEN QUANTITY OF CUSTODIANS; IS THAT

3      RIGHT?

4           MS. ORNELAS:  THAT'S RIGHT, YOUR HONOR.

5           THE COURT:  OKAY.  LET ALONE IDENTIFICATION EITHER

6      OF INDIVIDUAL OR OF FUNCTIONS?

7           MS. ORNELAS:  CORRECT, YOUR HONOR.  WE HAVE A LOT OF

8      WORK TO DO, WHICH IS WHY WE WOULD LIKE TO GET STARTED SOONER

9      RATHER THAN LATER.

10          THE COURT:  OKAY.  AND IS IT PLAINTIFFS' POSITION

11     THAT IN THE FIRST INSTANCE THAT A LIST SHOULD COME FROM GOOGLE

12     OR ARE YOU CONTEMPLATING HAVING SOME INPUT AND DISCUSSIONS

13     AROUND WHO OR WHAT YOU THINK WOULD BE APPROPRIATE TO BE ON THAT

14     LIST?

15          MS. ORNELAS:  YEAH, YOUR HONOR.  OBVIOUSLY WE'RE

16     READY TO BE COOPERATIVE.  WE KNOW THIS HAS TO BE, YOU KNOW, A

17     TRANSPARENT PROCESS WHERE THERE IS GOOD FAITH BACK AND FORTH,

18     BUT WE DO THINK THAT GOOGLE CAN AND SHOULD MAKE THE OPENING

19     OFFER GIVEN THAT IT'S IN A SUPERIOR POSITION TO KNOW ABOUT WHO

20     ITS EMPLOYEES ARE, WHO ARE LIKELY TO BE IN POSSESSION OF

21     RELEVANT ESI.

22        SO WE DO THINK THE OPENING OFFER SHOULD COME FROM THEM,

23     BUT OF COURSE WE ENVISION A FEW ROUNDS OF BACK AND FORTH SO

24     THAT WE CAN MAKE AN INFORMED DECISION ABOUT WHO THE APPROPRIATE

25     CUSTODIANS ARE.

1          THE COURT:  AND REMIND ME, MS. ORNELAS, I'M NOT SURE

2     IF IT WAS CLEAR, IF I OVERLOOKED IT OR I'M NOT REMEMBERING, OR

3     IF IT WASN'T ADDRESSED IN THE LETTER, BUT WHAT INFORMATION

4     DOES -- DO THE PLAINTIFFS HAVE AT THIS POINT TO HELP THEM

5     INFORM WHAT IS OR IS NOT A HELPFUL LIST OF CUSTODIANS?  HAVE

6     THERE BEEN SOME INITIAL PRODUCTIONS?  ARE THERE INITIAL

7     DISCLOSURES?  TELL ME WHAT YOU HAVE AT HAND FOR YOU.

8          MS. ORNELAS:  YOUR HONOR, THE ONLY PRODUCTIONS THAT

9     HAVE BEEN MADE IN THIS CASE WERE THE 24,000 PAGES THAT

10    PLAINTIFFS PRODUCED YESTERDAY EVENING.

11         SO, YOU KNOW, WE HAVE PUBLICLY AVAILABLE INFORMATION THAT

12    WE CAN USE TO GUIDE OUR NEGOTIATIONS, BUT IN TERMS OF ANY

13    PRODUCTIONS FROM GOOGLE THAT WOULD ALLOW US TO REALLY DIG IN

14    AND SEE AND EVALUATE ANY PROPOSAL THAT THEY WOULD MAKE AS

15    CUSTODIANS, WE DON'T HAVE ANYTHING ON THAT.

16         THE COURT:  I'M SORRY.  YOU REFERRED TO A PRODUCTION

17    YESTERDAY.  IS THAT A PLAINTIFFS' PRODUCTION OR A DEFENDANT'S

18    PRODUCTION?

19         MS. ORNELAS:  THAT'S A PRODUCTION THAT PLAINTIFFS

20    MADE.

21         THE COURT:  OKAY.  AND WHAT ABOUT INITIAL

22    DISCLOSURES, THOSE HAVE BEEN MADE?

23         MS. ORNELAS:  YES, THOSE HAVE BEEN MADE.  THOSE

24    PREDATED THE PARTIES' DISCUSSIONS ABOUT THE SCOPE OF

25    PLAINTIFFS' RFP'S SO WE'RE NOT -- YOU KNOW, THAT MIGHT BE A

1    STARTING POINT BUT OBVIOUSLY THOSE WOULD BE MORE ORIENTED

2    TOWARDS GOOGLE'S DEFENSES AS OPPOSED TO MORE BROADLY TAILORED

3    TO PLAINTIFFS' RFP'S.

4            THE COURT:  OKAY.  THAT'S HELPFUL.  THAT'S HELPFUL.

5    OKAY.  THANK YOU.

6        ALL RIGHT.  MS. TREBICKA, SO IS THAT CORRECT THAT THERE'S

7    NOT BEEN ANY DISCUSSION AROUND CUSTODIANS, EITHER

8    IDENTIFICATION OR RANGE, HOW MANY, WHO AND HOW MANY?

9            MS. TREBICKA:  THAT'S GENERALLY CORRECT, YOUR HONOR.

10   WE HAVE SERVED OUR INITIAL DISCLOSURES AS MS. ORNELAS STATED.

11       WE ALSO PLAN TO PRODUCE IN SHORT ORDER CERTAIN DOCUMENTS

12   THAT WE THINK WILL BE VERY HELPFUL TO THE PLAINTIFFS AND

13   ENGAGING WITH US IN THIS CUSTODIAN NEGOTIATION THAT WE WOULD

14   LIKE TO HAVE SOONER RATHER THAN LATER.

15       THE FIRST IS THAT WE WOULD LIKE TO DISCLOSE TO THEM THE

16   CUSTODIANS THAT GOOGLE THINKS WILL HAVE THE BULK OF THE

17   DOCUMENTS RELEVANT TO THIS CASE.

18           THE COURT:  HOW MANY CUSTODIANS WOULD THAT BE,

19   MS. TREBICKA?

20           MS. TREBICKA:  OUR RANGE CURRENTLY IS AT AROUND 12

21   CUSTODIANS WHO HAVE THE MOST RELEVANT DOCUMENTS.

22           THE COURT:  OKAY.  AND YOU HAVE THAT LIST OF NAMES

23   YOU'RE PREPARED TO TURN OVER IF -- AS PART OF THIS PROCESS?

24           MS. TREBICKA:  ABSOLUTELY.  BEFORE WE SUBMITTED THE

25   BRIEF, WE HAD ALREADY AGREED WITH PLAINTIFFS THAT SOON AFTER

1    THE ORDER FROM YOUR HONOR WE WOULD BE DISCLOSING TO THEM THIS

2    CUSTODIAN LIST.

3            THE COURT:  OKAY.

4            MS. TREBICKA:  IN ADDITION TO THAT WE'RE ALSO

5    PREPARING AND WE'LL BE PRODUCING TO PLAINTIFFS -- GOOGLE

6    DOESN'T HAVE ORGANIZATIONAL CHARTS, BUT WE'RE PREPARING

7    SOMETHING AKIN TO AN ORGANIZATIONAL CHART WITH ROLES AND TITLES

8    OF GOOGLE EMPLOYEES IN RELEVANT POSITIONS, AND IT'S A DOCUMENT

9    THAT WE'LL HAVE AT LEAST 100 NAMES WITH TITLES AND THAT SHOULD

10   ALSO BE VERY HELPFUL IN OUR CUSTODIAN NEGOTIATIONS SO THAT WE

11   CAN ACTUALLY ARRIVE AT SOMETHING THAT MAKES SENSE FOR BOTH

12   PARTIES.

13           THE COURT:  OKAY.  AND THE CUSTODIANS, THE 12

14   CUSTODIANS THAT YOU'RE PREPARED TO IDENTIFY, DO THEY APPEAR ON

15   THIS, I'M GOING TO CALL IT, AN ORG CHART, BECAUSE THAT'S SURE

16   WHAT IT SOUNDS LIKE.

17           MS. TREBICKA:  SURE.  IT DOESN'T LOOK LIKE AN ORG

18   CHART.  I DON'T WANT TO BRING UP ANY HOPES BECAUSE GOOGLE

19   DOESN'T HAVE ORG CHARTS BUT, YES, THEY DO.

20       BUT WITH RESPECT TO THESE 12 CUSTODIANS, WE WILL BE

21   PROVIDING ADDITIONAL INFORMATION SUCH AS RESPONSIBILITIES AND

22   TIME PERIOD AND THE RELEVANT ROLE, ET CETERA.

23           THE COURT:  ALL RIGHT.  AND THEN YOU ALSO REFERRED

24   TO A DOCUMENT PRODUCTION.  IS THAT SEPARATE AND APART FROM THIS

25   ORG CHART, NON-ORG CHART?

1          MS. TREBICKA:  YES, YOUR HONOR.  GOOGLE HAS BEEN

2     DOING PRELIMINARY REVIEWS THESE PAST MONTHS, AND WE ARE

3     PREPARED TO MAKE OUR FIRST PRODUCTION THIS MONTH IN JANUARY.

4          IT IS CORRECT, AS MS. ORNELAS NOTED, THAT PLAINTIFFS

5     PRODUCED THEIR DOCUMENTS LATE LAST NIGHT.  I HAVEN'T HAD A

6     CHANCE TO GO THROUGH ALL OF THEM, BUT IT APPEARS TO BE TEN

7     DOCUMENTS AND A LOT OF IT IS CODE AND SORT OF SYMBOLS THAT

8     DON'T -- THAT ARE NOT NECESSARILY IN ENGLISH SO I HAVEN'T BEEN

9     ABLE TO REVIEW ALL OF THEM OR UNDERSTAND THEM RATHER, BUT, YES,

10    WE DID RECEIVE THE PRODUCTION.  THANK YOU.

11         THE COURT:  AND WHAT ROUGHLY DO YOU -- CAN YOU TELL

12    ME WHAT YOU ANTICIPATE THE SIZE OF THE PRODUCTION THAT IS SET

13    TO OCCUR THIS MONTH?

14         MS. TREBICKA:  IT WILL BE SEVERAL THOUSAND

15    DOCUMENTS -- OR SEVERAL THOUSAND PAGES AT THE VERY LEAST.  I

16    DON'T HAVE THE EXACT NUMBER UNFORTUNATELY.

17         BUT WE DO PLAN FOR OUR PRODUCTIONS TO BE ON A ROLLING

18    BASIS.

19         THE COURT:  ALL RIGHT.  SO IT SOUNDS LIKE GOOGLE IS

20    PREPARED TO TURN OVER A LIST OF 12 CUSTODIANS WITH THE

21    UNDERSTANDING THAT THERE MAY NEED TO BE ADDITIONS TO THAT, AND

22    WE'LL COME BACK IN JUST A MOMENT TO WHAT WOULD THAT REQUIRE.

23         THAT WOULD SEEM TO MEET YOUR CONCERN, MS. ORNELAS, OF --

24    OR PLAINTIFFS' CONCERN I SHOULD SAY, OF GOOGLE SHOULD GO FIRST.

25    YOU KNOW, WE DON'T HAVE VERY MUCH TO START WITH HERE SO WE

1       SHOULD START WITH A LIST FROM THEM.

2           SO IS THERE A REASON WHY THAT DOESN'T SOUND LIKE THE RIGHT

3       PLACE TO START?

4               MS. ORNELAS:  NO, YOUR HONOR.  I THINK THAT IS A

5       STEP IN THE RIGHT DIRECTION.

6           WHAT I WOULD LIKE TO CLARIFY IS THAT WE WOULD LIKE TO

7       DISCUSS CUSTODIANS AT THE SAME TIME THAT WE'RE NEGOTIATING

8       SEARCH TERMS.  WE DO THINK THAT, YOU KNOW, WAITING FOR THE

9       CUSTODIAN DISCUSSION TO BE BUTTONED UP BEFORE WE START THE

10      SEARCH TERM NEGOTIATION PROCESS IS GOING TO JAM US UP AGAINST

11      THAT DECEMBER 3RD FACT DISCOVERY CUTOFF.

12              THE COURT:  UH-HUH.  UH-HUH.

13          SO --

14              MS. TREBICKA:  YOUR HONOR, WOULD IT BE HELPFUL IF I

15      JUST CLARIFIED ONE POINT RELATED TO -- AND I THINK IT GOES TO

16      THE HEART OF THE DISPUTE.

17          WE -- AGAIN, WE DON'T CONTEST THAT THERE MAY BE ADDITIONS

18      DOWN THE ROAD.

19          WHAT OUR --

20              THE COURT:  TO THE CUSTODIAN.

21              MS. TREBICKA:  TO THE CUSTODIAN LIST, CORRECT.

22      SORRY.  TO THE CUSTODIAN LIST.

23          WHAT OUR MAIN CONCERN IS, IS THAT THE PARTIES ENGAGE IN

24      NEGOTIATIONS ON WHAT WE UNDERSTAND WILL BE THE CORE, THE BULK

25      OF THE ESI CUSTODIANS SO THAT THE SEARCH TERMS CAN THEN BE RUN

1    ON THAT UNIVERSE BECAUSE PART OF THE RE -- PART OF THE WAY IN

2    WHICH WE WILL BE NEGOTIATING SEARCH TERMS IS USING TWO METHODS.

3    ONE IS HIT REPORTS.

4        SO FOR ANY TERM THAT WE DISPUTE, WE WILL BE PROVIDING THEM

5    HIT REPORTS.  THOSE HIT REPORTS WILL BE MEANINGLESS IF THE

6    UNIVERSE OF CUSTODIANS IS EVER SHIFTING OR EVER INCREASING IN

7    THIS CASE.

8        THE SECOND WAY IN WHICH WE WILL BE NEGOTIATING SEARCH

9    TERMS IS IF A SEARCH TERM CALLS UP A LOT OF IRRELEVANT

10   DOCUMENTS, THEN WE WILL BE PROVIDING SOME SORT OF A SUMMARY TO

11   PLAINTIFFS ABOUT THE IRRELEVANT DOCUMENTS THAT THE SEARCH TERM

12   CALLS UP SO THAT WE CAN NARROW THE SEARCH TERM OR FURTHER WORK

13   ON IT.

14       AGAIN, THAT SORT OF CALIBRATING TOOL WILL BE WORTHLESS FOR

15   A SEARCH TERM IF THE UNIVERSE OF DOCUMENTS IS EVER INCREASING

16   BECAUSE --

17           THE COURT:  RIGHT.  BUT YOU'VE ALREADY COME OFF OF

18   WHAT CONCERNED ME IN THE JOINT SUBMISSION OF CUSTODIANS HAVE TO

19   BE LOCKED DOWN FOR THESE REASONS, AND I DON'T HEAR YOU SAYING

20   THAT TODAY.

21       I THINK THAT IT WOULD SEEM TO MAKE SENSE FOR THE PARTIES

22   TO START WITH THE PROFFERED LIST OF 12 CUSTODIANS AND TO BEGIN

23   IMMEDIATELY ALSO THEN DISCUSSING SEARCH TERMS AND THOSE THINGS,

24   THOSE ARE -- THOSE NECESSARILY EXPAND AND CONTRACT SOMEWHAT,

25   NEVER IN UNISON, BUT AT THE SAME TIME.

1          I DON'T AGREE THAT THE TOOLS, THE HIT LISTS, ET CETERA,

2     ARE MEANINGLESS IF THE CUSTODIAN LIST CAN EXPAND.  THEY'RE NOT

3     AS PRECISE TO BE SURE.

4          AND WE NEED TO PROCEED AND WE NEED TO PROCEED WITH SOME

5     EFFICIENCIES, BUT IF THERE IS A STARTING LIST OF CUSTODIANS AND

6     I THINK THAT IT IS NOT INAPPROPRIATE TO REQUIRE THAT GOOGLE

7     BELIEVE THAT THAT LIST IS, YOU KNOW, IN GOOD FAITH, IS, YOU

8     KNOW, COMPLETE AT THIS POINT IN THE LITIGATION, IN OTHER WORDS,

9     THERE AREN'T -- THERE ISN'T SOME CACHE OF CUSTODIANS THAT

10    GOOGLE KNOWS ARE, YOU KNOW, LIKELY TO EVENTUALLY COME UP, THAT,

11    THAT SERVES BOTH PARTIES WELL.  AND THE PARTIES THEN NEED TO,

12    WITH THAT LIST IN MIND, GET UNDERWAY, AND I DON'T SEE WHY THERE

13    SHOULD BE ANY DELAY ON SEARCH TERMS AND USING THE TOOLS THAT

14    YOU REFERRED TO, MS. TREBICKA, TO RUN BEGINNING AGAINST THOSE

15    CUSTODIANS.

16         BUT THE CUSTODIAN LIST WILL, IT WILL CHANGE AS NIGHT

17    FOLLOWS DAY IN A LITIGATION OF THIS SIZE.  WITH THIS NUMBER OF

18    PEOPLE AND THIS VOLUME OF DOCUMENTS THERE WILL BE SOME

19    EXPANSION AND POSSIBLY CONTRACTION.

20         BUT THAT'S -- I MEAN, THAT'S REALLY TO BE EXPECTED.  BUT

21    THERE NEEDS TO BE SOME, YOU KNOW, THE PARTIES -- THAT'S AGAIN

22    WHY THERE IS OFTEN SOME NEGOTIATION AROUND PARAMETERS AND A

23    SENSIBLE TIME SENSITIVE MEET AND CONFER PROCESS TO TRY TO GET

24    THIS WORKING SET IN FRONT OF YOU WITH, AS MS. ORNELAS

25    APPROPRIATELY POINTED OUT, YOU'VE GOT TO KEEP YOUR EYE ON THE

1    BALL, WHICH IS THE DISCOVERY CUTOFF DOWN THE LINE.

2        SO LOOKING AT THE PARTIES' PROPOSED LANGUAGE IN THE ESI

3    PROTOCOL, I GUESS REALLY A QUESTION I HAVE, MS. ORNELAS, IS

4    THAT IN LIGHT OF THIS DISCUSSION, HOW WOULD THAT READ FROM

5    PLAINTIFFS' POINT OF VIEW?

6        AND, MS. TREBICKA, I'LL COME BACK TO YOU WITH THE SAME

7    QUESTION, BECAUSE IT DOESN'T -- IT ADDRESSES SEARCH TERMS BUT

8    NOT AS WRITTEN DOES IT ADDRESS CUSTODIANS.

9        SO HOW WOULD 6(B)(I) READ?

10        MS. ORNELAS:  YOUR HONOR, SO FOR THAT SENTENCE, YOU

11    KNOW, WE WOULD ASK THAT THE COURT ADOPT THE LANGUAGE IN BLUE

12    AND AT LINE 28 OF PAGE 3 WHERE IT SAYS THE RESPONDING PARTY

13    SHALL PROPOSE INITIAL SEARCH TERMS TO BE RUN ACROSS ESI

14    SOURCES, THAT BE MODIFIED TO ALSO INCLUDE PROPOSED INITIAL

15    CUSTODIANS.

16        THE COURT:  OKAY.  AND THEN PROPOSE INITIAL SEARCH

17    TERMS AND CUSTODIANS AS CONTAINING POTENTIALLY RELEVANT ESI.

18    THE REQUESTING PARTY, IN THIS CASE AT THIS POINT THE

19    PLAINTIFFS, WILL RESPOND TO THE PROPOSED SEARCH TERMS AND

20    CUSTODIANS?

21        MS. ORNELAS:  CORRECT, YOUR HONOR.

22        THE COURT:  ALL RIGHT.  AND IT SEEMS LIKE THE

23    PARTIES CAN HAVE THESE DISCUSSIONS -- WELL, MAYBE NOT.  I WAS

24    GOING TO SAY, I WAS GOING TO SAY IT SEEMS LIKE YOU COULD HAVE

25    THEM IN CLOSER INTERVALS THAN 14 DAYS, BUT IF IT INVOLVES

1    REVIEWING DOCUMENTS TO INFORM THOSE DECISIONS, PERHAPS 14 DAYS

2    IS APPROPRIATE.

3        I HAVE SOME THOUGHTS ON SOME FURTHER CLARIFICATIONS ON

4    THAT SECTION.

5        BUT, MS. TREBICKA, LET ME HEAR FROM YOU.

6        AND BEFORE WE GO ANY FURTHER, DO YOU HAVE A TARGET DATE

7    FOR YOUR PRODUCTION THIS MONTH?  I KNOW YOU SAID LATER THIS

8    MONTH.  WE'RE ONLY AT THE BEGINNING OF THE MONTH.  ARE YOU TEN

9    DAYS AWAY?  TWO WEEKS IS AWAY?  WHERE ARE YOU?

10        MS. TREBICKA:  UNFORTUNATELY, I CAN'T SAY WITH

11    PRECISION, YOUR HONOR.  I KNOW BY THE END OF THE MONTH WE WILL

12    HAVE OUR PRODUCTION IN.

13        THE COURT:  OKAY.  I THINK WE'LL HAVE TO GET A

14    LITTLE MORE PRECISE ON THAT.

15        MS. TREBICKA:  UNDERSTOOD, YOUR HONOR.

16        THE COURT:  JUST TO HELP GET THIS OFF THE GROUND AND

17    MOVING.

18        MS. TREBICKA:  OF COURSE.

19        THE COURT:  NOW, LET'S FOCUS ON, PLEASE, ON 6(B)(I).

20        WITHIN 14 DAYS OF THE COURT ENTERING THE ESI PROTOCOL, THE

21    RESPONDING PARTY, IN THIS CASE GOOGLE, WILL PROPOSE INITIAL

22    SEARCH TERMS AND CUSTODIANS.

23        MS. TREBICKA:  CORRECT.

24        THE COURT:  OKAY.  AND I'M INCLINED TO ADD LANGUAGE

25    THERE THAT THE CUSTODIANS, THAT THE RESPONDING PARTY HAVE A

1      GOOD FAITH BELIEF THAT THAT LIST OF CUSTODIANS IS COMPLETE.

2          AND THEN SIMILARLY WHEN THE REQUESTING PARTY RESPONDS WITH

3      SEARCH TERMS AND FOR GOOD CAUSE SHOWN ADDITIONAL CUSTODIANS.

4              MS. TREBICKA:  WHERE WOULD THAT BE, YOUR HONOR?

5      SORRY.  WE'RE STILL ON 6(I)?

6              THE COURT:  WE'RE ON THE SECOND SENTENCE WHICH IS ON

7      THE NEXT PAGE.  THE REQUESTING PARTY WILL RESPOND TO THE

8      PROPOSED SEARCH TERMS AND CUSTODIANS WITHIN 14 DAYS.

9              MS. TREBICKA:  UH-HUH.

10             THE COURT:  AND LANGUAGE TO THE EFFECT OF THAT MAY

11     PROPOSE ADDITIONAL CUSTODIANS UPON A SHOWING OF GOOD CAUSE.

12             MS. TREBICKA:  THAT'S FINE WITH ME, AND UNLESS ONE

13     OF MY PARTNERS UNMUTES AND TELLS ME I'M WRONG, IT SOUNDS LIKE

14     WE HAVE A GOOD COMPROMISE.

15             MR. SCHAPIRO:  THIS IS DAVID STRAITE FOR PLAINTIFFS.

16         JUST ONE QUICK NOTE.  I THINK THIS IS GOING IN A GOOD

17     DIRECTION.  I JUST NOTE IN SECTION 4(A), THIS IS THE NEGOTIATED

18     ESI DISCLOSURE SECTION, IT DOESN'T APPEAR IN THE MODEL ORDER,

19     BUT WE ADDED IN THE SECTION 4 TO REQUIRE INFORMATION TO BE

20     DISCLOSED AND NEGOTIATED IN THE ESI CHECKLIST.

21         SO WHAT WE DID WAS WE INCORPORATED IN ALL OF THE POINTS IN

22     THE ESI CHECKLIST INTO 4(A).  THERE'S A ONE WEEK TRIGGER FROM

23     THE DATE YOU ENTER THE ORDER, THERE'S ONE WEEK FOR US TO

24     DISCLOSE AND NEGOTIATE EVERYTHING IN THE ESI PROTOCOL, WHICH

25     INCLUDES CUSTODIANS.

1          SO I JUST WANTED TO CLARIFY IF WE'RE GOING TO ADD

2     CUSTODIANS TO 6(B)(I), THAT THAT TAKES IT OUT OF THE ONE WEEK

3     DEADLINE IN 4(A).

4               THE COURT:  OKAY.  AND I BELIEVE THAT --

5               MR. SCHAPIRO:  I JUST WANT TO CLARIFY THAT THAT'S

6     WHAT YOU INTENDED TO DO.

7               THE COURT:  WELL, I WASN'T FOCUSSED ON 4(A) BECAUSE

8     I'M FOCUSSED ON WHERE THE DISPUTE IS, BUT WHAT WE'RE ACHIEVING

9     HERE, WHAT OUR OBJECTIVE HERE OBVIOUSLY IS PARAMETERS FOR

10    THE -- TO NEGOTIATE CUSTODIANS AND SEARCH TERMS AS THE

11    DOCUMENTS ARE BEING PRODUCED AND TO PUT SOME RESTRICTIONS AND

12    SOME OBLIGATION ON BOTH SIDES TO PROCEED IN GOOD FAITH AND MAKE

13    THEIR BEST EFFORTS HERE.

14         SO IF 4(A) OR ANYWHERE ELSE IN THE ORDER NEEDS ADJUSTMENT,

15    THAT'S WHAT I LEAVE TO THESE VERY GOOD DRAFTS PEOPLE HERE ON

16    THE SCREEN.

17         I WOULD EXPECT THAT WE WOULD LEAVE HERE WITH AGREEMENT ON

18    6(I)(B).  THE PARTIES WILL MEET AND CONFER.  I'LL GIVE THE

19    PLAINTIFFS THE BURDEN OF REVISING THE ORDER AND SENDING IT TO

20    THE DEFENDANTS FOR APPROVAL AND THEN SUBMITTING IT TO ME FOR

21    SIGNATURE.

22              DOES THAT MAKE SENSE, MR. STRAITE?

23              MR. STRAITE:  YES.  THANK YOU VERY MUCH.  AND WE'LL

24    MAKE THAT WORK.  WE JUST WANT TO MAKE SURE IT WAS CLEAR.

25              AND THEN, YOUR HONOR, FOR THE VERSION THAT WE SUBMIT TO

1     YOU, DO YOU STILL WANT IT TO BE BLACK LINED AGAINST THE

2     NORTHERN DISTRICT ORDER OR IS IT NO LONGER NEEDED?

3              THE COURT:  NO.  IF THE PARTIES COME TO AGREEMENT, I

4     WANT AN ORDER TO LOOK AT AND GET SIGNED.

5          MS. ORNELAS, PLAINTIFFS' POINT OF VIEW, FURTHER QUESTIONS

6     OR CONCERNS?

7              MS. ORNELAS:  NOT FROM ME, YOUR HONOR.  THANK YOU.

8              THE COURT:  AND, MS. TREBICKA, YOUR PARTNERS HAVE

9     HAD A CHANCE TO EMAIL YOU, SLASH MESSAGE YOU, SLASH -- NO, I'M

10    TEASING.

11             MS. TREBICKA:  NO, NOT FROM ME, YOUR HONOR.

12             THE COURT:  ALL RIGHT.  THEN THIS IS WHAT I HAD

13    HOPED FOR, WHICH IS I GET THE PARTIES HERE AND THE FOLKS WHO

14    HAVE THE MIKE ARE THE ONES WHOSE SLEEVES HAVE BEEN ROLLED UP

15    AND ACTUALLY KNOW HOW TO GET US TO MIDDLE GROUND, WHICH IS

16    ALWAYS WHERE WE HAVE TO HEAD IN DISCOVERY.

17         SO I WANT TO THANK EVERYONE FOR THAT EFFORT, AND

18    MS. ORNELAS AND MS. TREBICKA FOR YOUR PRESENTATIONS, COMMENTS,

19    AND VERY CANDID DIALOGUE WITH THE COURT TODAY.  THAT'S MADE

20    THIS VERY PRODUCTIVE.

21         ALL RIGHT, THEN.  I WILL RELY ON THE PARTIES TO GET THIS

22    CLOSED OUT AND BACK TO ME BY NOON ON THURSDAY.  THIS IS

23    TUESDAY.  THAT WILL BE THURSDAY, JANUARY 7TH, AND GOING

24    FORWARD, IF YOU HAVE OTHER ISSUES, YOU KNOW WHERE TO FIND ME.

25             ALL RIGHT.  THANK YOU VERY MUCH.  THIS MATTER IS

1    CONCLUDED.

2                    MS. ORNELAS:  THANK YOU, YOUR HONOR.

3                    MR. SCHAPIRO:  THANK YOU.

4                    THE COURT:  AND WE ARE ADJOURNED.  THANK YOU.

5            (COURT CONCLUDED AT 11:31 A.M.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16                        _____
                          IRENE RODRIGUEZ, CSR, RMR, CRR
17                        CERTIFICATE NUMBER 8074

18
                          DATED:  JANUARY 7, 2021
19

20

21

22

23

24

25